Day, J.
Two points are made in the case : 1. The action is barred by the statute of limitations; 2. The work for which the assessment was made was not recommended by the board of city improvements. • Both points arise on demurrer to the petition.
The assessment ordinance was passed November 20,1861; but, by the terms of the ordinance, the defendant can not be regarded as in default until the expiration of twenty days thereafter; a right of action, therefore, to enforce the assessment, did not accrue until December 10, 1861.
The defendant was served by publication, and the first publication was made November 30, 1867. By section 20 of the code, the action must be deemed as commenced on that day. No shorter period of limitation can be claimed than that of six years. The action was commenced ten days before the expiration of that period; and, therefore, whatever may be determined to be the period of limitation to actions founded on municipal assessments, the action in this case was not barred.
As to the second point in question, it is only necessary to say, that though the point were well taken to the original petition, in the amended petition it is averred that the board of city improvements reported and recommended to the city council the passage of the ordinance for the work in question, thus making a prima facie case, good on general demurrer.

Judgment reversed,, and cause remanded.

Scott, Chief Judge, Wright, Johnson, and Ashburn, JJ., concurred.